IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| NANCY BAUER,<br><br>        Plaintiff,<br><br><br>STANDARD INSURANCE COMPANY,<br><br>        Defendant. | **COMPLAINT** |

Plaintiff, Nancy Bauer, for her claims against Defendant, Standard Insurance Company, states and alleges as follows:

## PARTIES

1. Plaintiff Nancy Bauer ("Bauer") is, and at all times relevant to the allegations contained herein has been, a resident of the state of North Dakota, who resided in the city of Grand Forks, Grand Forks County, North Dakota when many of the events which gave rise to this claim occurred and moved to the city of Bowbells, Burke County, North Dakota, in December of 2017 where she presently resides.

2. Defendant Standard Insurance Company ("Standard") is, and at all relevant times was, a Oregon corporation authorized to do business in North Dakota.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed

1

thereunder, and the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

4. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and Standard does business in this district.

## FACTUAL BACKGROUND

5. Bauer restates and realleges paragraphs 1 through 4.

6. For her Complaint, Bauer seeks reinstatement of long-term disability ("LTD") benefits and monthly annuity premium benefit (MAPB) payments from Standard, together with her attorney's fees, costs, and disbursements in this action, her claims being governed by ERISA, 29 U.S.C. § 1001, et seq.

7. Bauer was employed by the North Dakota University System and worked as a Mechanical Operations Coordinator at the University of North Dakota in Grand Forks, North Dakota.

8. Through her employment with the North Dakota University System, Bauer was provided LTD coverage as part of a policy administered by Standard (policy number 136108), which included MAPB coverage that continues direct, required employer contributions to 403(b) tax-deferred annuities for eligible employees who receive LTD benefits from Standard.

9. On December 4, 2017, Bauer was forced to stop working for the North Dakota University System due to the disabling effects of toxic encephalopathy and neuropathy.

10. On or about September 12, 2018, Bauer filed a claim for LTD benefits with Standard.

11. On November 26, 2018, Standard informed Bauer via letter that her LTD claim was denied, alleging that there were "no medical conditions supported by [Bauer's] medical

documentation or discussion with [her] treating provider." Standard's letter of November 26, 2018 also informed Bauer that "[b]ecause LTD benefits have been denied, [her] MAPB [was] also denied."

12. On May 3, 2019, Bauer timely appealed Standard's denial of LTD benefits and MAPB payments, providing supplementary opinion evidence from treating physician Dr. Stephanie McCarter, MD, of the Environmental Health Center in Dallas, Texas along with updated medical records.

13. On June 12, 2019, Standard reaffirmed its denial of LTD benefits and MAPB payments, alleging that it did not "have any physical examinations or test findings that provide support for her multiple complaints or a conclusive diagnosis of toxic encephalopathy." Bauer has therefore exhausted her administrative remedies.

14. Despite submitting medical evidence in support of her appeal demonstrating entitlement to ongoing LTD benefits and MAPB payments under the policy, Standard's final denial of her claim was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the policy, and not based on substantial evidence.

15. Standard relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Standard and as such were unable to offer unbiased opinions.

16. Standard relied on the opinions of medical professionals and other consultants that were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record.

17. Standard ignored compelling medical and vocational evidence and took selective evidence out of context to deny Bauer's claim.

18. Standard ignored and misrepresented the opinions of Bauer's treating physicians and the objective findings underlying their conclusions.

19. Bauer is, and at all times since December 4, 2017 was, disabled as defined in the policy, rendering Standard's denial improper under ERISA and entitling her to retroactive and ongoing LTD benefits and MAPB payments.

## COUNT I

20. Bauer restates and realleges paragraphs 1 through 19.

21. Bauer is disabled under the terms of the policy and is entitled to receive LTD benefits and MAPB payments.

22. Standard's denial of LTD benefits and MAPB payments violated ERISA, 29 U.S.C. § 1001, et seq.

23. By reason of the foregoing, Bauer is entitled to judgment against Standard for payment of both retroactive and ongoing LTD benefits and MAPB payments, plus accrued interest.

## COUNT II

24. Bauer restates and realleges paragraphs 1 through 23.

25. Bauer has been forced to bring this action as a direct result of Standard's violations.

26. As a direct result of Standard's acts and failures, Bauer has incurred attorneys' fees and costs.

27. Bauer is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

28. WHEREFORE, Bauer requests judgment in her favor and against Standard as follows:

29. Adjudicate that Bauer meets the definition of disability under the policy;

30. Adjudicate that Standard owes Bauer retroactive monthly LTD benefits and MAPB payments, plus interest;

31. Enjoin Standard to pay ongoing LTD benefits and MAPB payments under the policy, plus accrued interest;

32. Award Bauer the costs, disbursements and other expenses of this litigation along with reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g); and

33. Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 27th day of August, 2019.

                                                                                                                            SCHNEIDER LAW FIRM

*/s/ Mac Schneider*
Mac J. Schneider
815 3rd Ave. S.
Fargo, ND 58103
Telephone: (701) 235-4481
Facsimile: (701) 235-1107
E-Mail: mac@schneiderlawfirm.com